UNITED STATES of America,
Plaintiff,

v.

Robert F. DOVIAK, Defendant,

American Express Financial,
Garnishee.

Nos. CIV.A. 3:04–CV–2286L, CIV.A. 3:04–CV–2287L, CIV.A. 3:04–CV–2288L, CIV.A. 3:04–CV–2289L, CIV.A. 3:04–CV–2290L.

United States District Court,
N.D. Texas,
Dallas Division.

April 19, 2005.

court **denies** Defendant's request that it quash Plaintiff's writs of garnishment in this case; **denies** Defendant's request that it modify the fine payment schedule ordered pursuant to the judgment against him in Criminal Case Number 3:94–CR–423–G; and **orders** Garnishees American Express Financial, Resource One Credit Union, Regal Discount Securities, Inc., Morgan Stanley, and Wachovia Securities, LLC to disburse the seized funds to the United States District Clerk for the Northern District of Texas for payment of the outstanding fine owed by Doviak.

In his motion, Robert F. Doviak ("Doviak" or "Defendant") requests that the court (1) hold an expedited hearing on the writs of garnishment in this case; (2) quash Plaintiff's writs of garnishment; and (3) modify the fine payment schedule ordered pursuant to the judgment against him in Criminal Case Number 3:94–CR–423–G. The court granted Defendant's request for an expedited hearing, and the motion hearing took place on March 2, 2005. After hearing oral arguments from both parties, the court ordered the parties to brief the circumstances and factors that it is to consider in deciding whether to quash a writ of garnishment under 28 U.S.C. § 3205(c)(10)(A). The parties were directed to provide authority for their respective positions, limit briefing to seven pages, and submit their briefs no later than March 9, 2005.[2]

Mattie Peterson Compton, U.S. Attorney's Office—Fort Worth, Forth Worth, Counsel for Plaintiff.

Michael R. Snipes, Law Office of Michael R. Snipes, Dallas, Counsel for Defendant.

### ORDER

LINDSAY, District Judge.

On March 2, 2005, the court held a hearing on Defendant's Request for an Expedited Hearing on Writs of Garnishment, filed February 1, 2005. After careful consideration of the arguments by both parties at the March 2, 2005 motion hearing,[1] briefs, record, and applicable law, the

---

1. The court notes that Defendant does not dispute any of the evidence upon which the court relies on in making its decision.

2. Despite the court's admonition that briefing not exceed seven pages and be submitted by March 9, 2005, in addition to its seven-page brief, filed March 9, 2005, Plaintiff also submitted a response on March 17, 2005. While the court understands Plaintiff's intention to respond to arguments contained in Defendant's brief, its response not only puts Plaintiff over the page limitation, it is also out of time. Briefing is not intended to engage the parties and the court in a flurry of paper shuffling, but to give both parties an opportunity to set forth completely their arguments with respect to a narrow issue. Accordingly, the court disregards the arguments contained in "United States' Response in Opposition to Defendant's Request to Modify Fine Payment Schedule."

Defendant requests that the court quash the writs of garnishment in this case and order a new fine payment schedule requiring payments of $200 a month, an amount he contends that he can reasonably and in good faith afford. *See* Def.'s Memo. Pertaining to [28] U.S.C. § 3205(c)(10)(A) at 3–4. In support of his request, Defendant contends that (1) pursuant to 28 U.S.C. § 3205(c)(10)(A), there are no limitations to the court's authority to quash a writ of garnishment intended to satisfy a court ordered fine; (2) the court's broad discretion in this situation is similar to that given to the court pursuant to 18 U.S.C. §§ 3613 and 3613A, where "the court may consider 'the defendant's employment status, earning ability, financial resources, the willfulness in failing to comply with the fine or restitution order, and any other circumstances that may have a bearing on the defendant's ability or failure to comply with the order of a fine' " *Id.* at 2 (quoting 18 U.S.C. § 3613A(a)(2)); and (3) "when courts make initial restitution orders, they are required to consider the defendant's economic situation in determining the restitution payment schedule and manner of payment." *Id.* at 2–3 (internal citations omitted). While Defendant concedes that these authorities do not necessarily control the outcome here, he contends that the court has the power and authority to quash the writs of garnishment, should exercise its authority in this case, and should also reduce the monthly fine payment amount from $500 to $200.

Plaintiff opposes Defendant's request that the court quash the writs of garnishment and contends that (1) "it has a congressional mandate to collect fines and restitution, [pursuant to] 18 U.S.C. § 3612(c)[,] and that such responsibility is to be exercised with limited regard for the economic status of [D]efendant," United States Resp. to Court's Order of March 2, 2005 at 3; (2) 18 U.S.C. § 3613A(a)(2) factors are only to be considered when a

court is contemplating revocation of probation or re-sentencing and not in situations of civil garnishment proceedings; and (3) Defendant has had the ability to pay his fine and has acted fiscally irresponsible in fulfilling his financial obligation to Plaintiff. Plaintiff contends further that Defendant's "actions have been completely contrary to his statements that he wants to pay his debt," and accordingly, it would be inequitable to quash the five writs of garnishment and release the funds seized. *Id.* at 6.

The threshold issue disputed by the parties is whether the court must apply 18 U.S.C. § 3613A(a)(2) or 28 U.S.C. § 3202 in determining whether to quash a writ of garnishment. Defendant contends that 18 U.S.C. § 3613A(a)(2) factors apply and the court should consider Defendant's employment status, earning ability, financial resources, the willfulness in failing to comply with the fine order, and any other circumstances that may have a bearing on Defendant's ability or failure to comply with the fine order. Plaintiff contends that 18 U.S.C. § 3613A(a)(2) factors do not apply and the court must limit its inquiry to the factors enumerated in 28 U.S.C. § 3202, in pertinent part, "(1) to the probable validity of any claim of exemption by the judgment debtor; [and] (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted . . . ." *See* United States' Resp. to Court's Order of March 2, 2005 at 2 (quoting 28 U.S.C. § 3202(d)).

■ The court determines that Defendant's argument that 18 U.S.C. §§ 3613 and 3613A are the applicable statutes in this situation is without merit. This is a situation in which the court must decide whether it should quash a writ of garnishment to recover payment of a fine after the termination of Defendant's supervised release. Sections 3613 and 3613A deal

with what action the court should take when a criminal defendant defaults on the payment of a fine or restitution *prior* to the expiration or termination of probation or supervised release. *See* 18 U.S.C. §§ 3565 and 3613A(a)(1). The statutes Defendant relies on, therefore, are inapplicable to the facts and circumstances of this case.

■ Further, the court determines that it is unnecessary in this case to decide the limits of its power to quash a writ of garnishment. Even if the court assumes arguendo that Defendant's position is correct and it should consider his employment status, earning ability, financial resources, willfulness in failing to comply with the fine order, and any additional circumstances that may have a bearing on his failure to comply with the fine order, those factors, taken as a whole, do not weigh in favor of Defendant. During the March 2, 2005 hearing, Plaintiff proffered evidence that, between the years of 2001 and 2003, Defendant earned sizeable annual incomes [3] and that in 2003, he purchased a home valued at approximately $469,190. Further, during the motion hearing, Defendant admitted that since the termination of his supervised release, he has incurred new debt with family and friends and made several payments towards those debts while making minimal or no pay-

ments towards the debt owed to Plaintiff.[4] Further, Defendant (1) is currently employed; (2) has significant earning ability as is demonstrated by his tax returns in 2001 and 2002 and his W–2 in 2003; (3) has adequate financial resources including the ability to borrow from friends and family; and (4) has displayed a consistent behavior of living beyond his means [5] and willfully failing to comply with the terms of the fine order. The court, therefore, determines that the writs of garnishment should not be quashed and the monthly payment schedule should not be modified. The court turns to address each writ of garnishment separately.

The court issued writs of garnishment to American Express Financial, Resource One Credit Union ("Resource One"), Regal Discount Securities, Inc., Morgan Stanley, and Wachovia Securities, LLC (collectively, "Garnishees," individually, "Garnishee"). Garnishees American Express Financial, Regal Discount Securities, Inc., Morgan Stanley, and Wachovia Securities, LLC each filed timely answers, to which Plaintiff made no objections. Further, no hearing has been requested by any of the parties. Accordingly, Garnishees American Express Financial, Regal Discount Securities, Inc., Morgan Stanley, and Wachovia Securities, LLC are ordered to disburse the seized funds to the

3. Defendant represented to the court at the motion hearing that he had earned approximately $355,482.27 total during the years 2001, 2002, and 2003.

4. Defendant maintains that he has borrowed approximately $65,000 from friends and family. Inclusive of this amount are promissory notes for approximately $20,000, $16,000, and $17,000, with payment terms of approximately $1,000 per month, $1,000 per quarter, and $1,048 per quarter, respectively. Defendant should not have prioritized the repayment of these subsequently incurred debts over the repayment of the debt owed to Plaintiff.

5. During the court's March 2, 2005 hearing, Defendant acknowledged that in October 23, 2003, he purchased a home valued at approximately $496,190 and paid approximately $25,000 towards its down payment. Defendant's decision to make such a substantial purchase while still owing over $25,412.85 in judgment debt to Plaintiff shows a willful disregard of his obligation to pay Plaintiff. Further, Defendant stated during the motion hearing that it was more important to him that he put money toward the house than to pay off more of his debts. The court determines that Defendant's conduct was clearly willful.

United States District Clerk for the Northern District of Texas for payment of the outstanding fine owed by Doviak.

■ With respect to Garnishee Resource One, it filed an answer on December 3, 2004, to which Plaintiff filed objections [6] on December 8, 2004. In its answer, Resource One denies that all of the assets listed in its answer are subject to the writ of garnishment and contends that (1) it has a superior lien to Plaintiff by virtue of its automobile loan agreement and credit card account agreement with Defendant; (2) pursuant to Section 125.404(a) of the Texas Finance Code, it has a superior lien to Plaintiff on Defendant's shares and deposits and accumulation of dividends and interest to the extent of his indebtedness to Resource One; (3) it has a contractual and consensual security interest that takes priority over Plaintiff's interest in all shares and deposits held in the name of Defendant; and (4) pursuant to Section 125.405(c) of the Texas Finance Code, its $25 membership shares in each of Defendant's accounts are not subject to garnishment. Resource One, therefore, asks that the court enter a just and proper judgment, award it reasonable compensation, or $750, for its attorney's fees, and grant any further relief to which it may be entitled.

Plaintiff objects to Garnishee Resource One's answer and contends that it holds a superior tax lien on all property of Defendant held by Resource One. In support of this position, Plaintiff states, first, that the United States's enforcement of such criminal judgment is governed by 18 U.S.C. § 3613(a), which allows a judgment imposing a fine to be enforced against all property or rights to property of the person fined, except in circumstances that are not present here. Second, Plaintiff contends

that, pursuant to 18 U.S.C. § 3613(c), the judgment lien arose on March 28, 1995, prior to any Resource One interests in Defendant's property, and therefore Plaintiff's interest is superior. Further, Plaintiff states that its tax lien became effective against Resource One when the notice requirements of 26 U.S.C. § 6321(f) where met on July 12, 1995. Finally, Plaintiff maintains that Resource One's claim of superior interest to $25 per account as "membership shares" is improper as Defendant has retained rights to the shares and, therefore, they are subject to levy by Plaintiff.

■ The court determines that Plaintiff has a superior interest in Defendant's property held by Garnishee Resource One. Under 18 U.S.C. § 3613(c), a fine order "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986 ...." 18 U.S.C. § 3613(c). "The effect of a lien in relation to a provision of federal law for the collection of debts owing the United States is always a federal question." *U.S. v. Security Trust & Savings Bank of San Diego*, 340 U.S. 47, 49, 71 S.Ct. 111, 95 L.Ed. 53. "The priority of federal tax liens ... as against liens created under state law is governed by the common-law rule—'the first in time is the first in right.'" *U.S. v. Pioneer American Insurance Co.*, 374 U.S. 84, 87, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963) (internal citation omitted).

■ A lien pursuant to a fine order "arises on entry of judgment ...." 18 U.S.C. § 3613(c). Here, the judgment against Doviak was entered on March 28, 1995. Further, the notice requirements of

**6.** Plaintiff filed a response, however, the court determines that Plaintiff's response is more properly characterized as objections to Garnishee Resource One's answer.

26 U.S.C. § 6323(f) for such a lien were met on July 12, 1995, when the United States filed its lien with the County Clerk in Dallas County, Texas, the county in which Defendant resides. A state created lien's priority depends "on the time it attached to the property in question ...." *See Pioneer American Insurance Co.*, 374 U.S. at 88, 83 S.Ct. 1651 (internal quotations and citation omitted). The state created liens that Garnishee Resource One is asserting attached, at the earliest, on July 9, 1999 pursuant to the credit card agreement, and on October 3, 2001, pursuant to the automobile loan agreement. Because Garnishee Resource One's state liens attached later in time, Plaintiff's writ of garnishment to collect payment of the outstanding fine owed by Doviak, takes priority under the general rule of "first in time, first in right." With respect to the $25 membership shares in each of Defendant's accounts, the court finds that Plaintiff has a superior interest for the same reasons outlined above. Further, Garnishee Resource One cites no authority for the proposition that "membership shares" would not be subject to a writ of garnishment. Accordingly, Garnishee Resource One is ordered to disburse the seized funds to the United States District Clerk for the Northern District of Texas for payment of the outstanding fine owed by Doviak. Finally, Garnishee's request for attorney's fees is hereby denied.

For the reasons herein stated, the court **denies** Defendant's request that the court quash Plaintiff's writs of garnishment in this case; and **denies** Defendant's request that the court modify the fine payment schedule ordered pursuant to the judgment against him in Criminal Case Number 3:94–CR–423–G. Accordingly, Garnishees American Express Financial, Resource One Credit Union, Regal Discount Securities, Inc., Morgan Stanley, and Wachovia Securities, LLC, are hereby **ordered** to disburse the seized funds to the United States District Clerk for the Northern District of Texas for payment of the outstanding fine owed by Doviak.