**UNITED STATES of America, Plaintiff,**

v.

**Edward ROUSH, Jr., Defendant.**

**Civil Action No. 3:05–CV–1829–N.**

United States District Court, N.D. Texas, Dallas Division.

Sept. 27, 2006.

Megan J. Fahey, U.S. Attorney's Office, Fort Worth, TX, for Plaintiff.

St. Clair Newbern, III, Law Offices of St. Clair Newburn, Fort Worth, TX, for Defendant.

**ORDER**

GODBEY, District Judge.

This case presents a recurring issue in harmonizing the statutory terms regarding restitution and the payment schedule in a criminal judgment. Before the Court are Defendant Roush's motion to quash garnishment and Garnishee JP Morgan Chase Bank, N.A.'s ("Chase") counterclaim for attorneys' fees. The government claims that at any time it can collect the full amount of restitution, without needing court approval; because that ability would be inconsistent with the judicial control over timing of restitution set forth in the statute, as well as the language in the judgment providing for a payment schedule, the Court grants Roush's motion to quash. Because the pertinent statutory provisions do not provide for attorneys' fees to garnishees, the Court dismisses Chase's counterclaim for attorneys' fees.

## I. ROUSH'S JUDGMENT

On February 2, 2005, this Court signed a judgment in a criminal case (No. 3:02–CR–388–N) adjudicating Roush guilty of tax evasion under 26 U.S.C. § 7201, and sentencing him to twenty-seven (27) months in the custody of the Bureau of Prisons. The judgment used form AO–245B promulgated by the Administrative Office of the United States Courts, revised 12/03 and modified for use in the Northern District of Texas. Under the heading of Criminal Monetary Penalties, the judgment ordered Roush to pay restitution to the Internal Revenue Service in the amount of $652,000, with interest waived due to inability to pay.[1] The judgment stated: "The defendant must pay the total criminal monetary penalties under the

---

1. The box preceding "The defendant must make restitution" on the judgment form was left unchecked, in an apparent clerical error, though the pertinent portion of the judgment under that section of the form was completed reflecting restitution in the amount of $652,000, and that amount is further reflected in two other places on the same page. Roush does not base his arguments on the failure to check the appropriate box on the form.

schedule of payments on Sheet 6." Under the heading "Schedule of Payments," Sheet 6 of the judgment provided:

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are [sic] due as follows:

. . .

D ☑ Payment in equal *Monthly* (e.g., weekly, monthly, quarterly) installments of $ *750.00* over a period of *N/A* (e.g., months or years), to commence *60* (e.g., 30 or 60 days) after release from imprisonment to a term of supervision;

The judgment provided for supervised release for a term of two years, and provided as a special condition of supervised release: "If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such balance beginning 60 days after release from custody at the rate of at least $750 per month until the restitution is paid in full." The condition also waived interest on the unpaid balance pursuant to 18 U.S.C. § 3612(f)(3).

## II. STATUTORY FRAMEWORK

Title 18, section 3556 provides that a court in imposing sentence "shall order restitution in accordance with section 3663A, and may order restitution in accordance with section 3663." 18 U.S.C. § 3556. Restitution is most commonly ordered under the Victim and Witness Protection Act, 18 U.S.C. § 3663, or the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. Additionally, several discrete substantive criminal offenses also provide for restitution.[2] Section 3664 sets forth in detail the procedure for restitution. It requires the court to direct the probation officer to collect information regarding the victims and amount of loss, and the defen-

dant's financial situation. *See* 18 U.S.C. § 3664(a), (d)(3). Based on that information, as well as any additional information provided by the parties, the court first determines the victims and amount of loss. *Id.* § 3664(e), (f)(1)(A). The Court then determines

the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of—

(A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;

(B) projected earnings and other income of the defendant; and

(C) any financial obligations of the defendant; including obligations to dependents.

*Id.* § 3664(f)(2). In making those determinations, the burden is on the government to show the amount of loss, and the burden is on the defendant to demonstrate financial resources and financial needs of dependants. *Id.* § 3664(e). Based on this information, the court "may direct the defendant to make a single lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments." *Id.* § 3664(f)(3)(A). The court can apportion restitution among multiple defendants and can tailor the order for multiple victims. *Id.* § 3664(h), (i).

Once restitution is ordered, the order can be adjusted in response to changed circumstances:

A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's

---

**2.** *See, e.g.,* 18 U.S.C. §§ 1593 (trafficking in persons), 2248 (sexual abuse), 2259 (sexual exploitation of children), 2264 (domestic violence), 21 U.S.C. § 853(q) (drug lab cleanup).

ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require. *Id.* § 3664(k). Moreover, a defendant's receipt of a windfall during imprisonment triggers an automatic payment requirement:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

*Id.* § 3664(n). Additionally, the court can reduce the restitution obligation upon petition by the government showing that reasonable efforts to collect are not likely to be effective. *Id.* § 3573.

Section 3664 also provides for enforcement of the restitution obligation by the government. The government may enforce the order in the manner provided for in 18 U.S.C. §§ 3571–74 and 3611–15, and "by all other available and reasonable means." *Id.* § 3664(m)(1)(A). Among other things, the government may enforce a restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law," subject to certain exemptions in the Internal Revenue Code and provided that no more than 25% of earnings can be garnished. *Id.* § 3613(a)(1), (3).[3] Under federal law, the procedure for enforcement of a civil judgment in favor of the government is set forth in the Federal Debt Collection Practices Act. 28 U.S.C. §§ 3001–3308. *See United States v. Phillips*, 303 F.3d 548, 550–51 (5th Cir.2002) (government authorized to use procedures of FDCPA to collect restitution owed a private party). Additionally, a victim may request an abstract of judgment reflecting the restitution order, which may then be filed in state court, yielding a lien on the defendant's property. 18 U.S.C. § 3664(m)(1)(B).[4]

The consequences of failure to pay restitution are serious. Payment of restitution may be a condition of probation, *id.* § 3563(a)(6)(A), or supervised release. *Id.* § 3583(d).[5] Upon default of a restitution

---

**3.** The actual limitation is 25% of disposable earnings or the amount by which disposable earnings exceed 30 times the federal minimum hourly wage, whichever is less. *See* 15 U.S.C. § 1673(a).

**4.** Prior to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a victim could enforce a restitution order "in the same manner as a judgment in a civil action." 18 U.S.C. § 3663 (repealed). The AEDPA repealed that provision effective April 24, 1996, and consolidated enforcement in section 3664, which no longer provides for direct enforcement by the victim. *See* Pub.L. 104–132, § 206(a).

**5.** That section permits the imposition of discretionary conditions of probation in section 3563(b)(1)-(10), (12)-(20) as conditions of supervised release, subject to certain limitations, "and any other condition it considers to be appropriate." 18 U.S.C. § 3583(d). Section 3563(b)(2) permits as a discretionary condition for probation that the defendant "make restitution to a victim of the offense under section 3556 (but not subject to the limitation of sections 3663(a) or

obligation that is so conditioned, the court may revoke probation or supervised release, or modify the terms. *Id.* § 3613A(a)(1). The court may also "hold the defendant in contempt of court, enter a restraining order or injunction, order the sale of property of the defendant, accept a performance bond, enter or adjust a payment schedule, or take any other action necessary to obtain compliance with the order of a fine or restitution." *Id.* Finally, and perhaps the biggest hammer, the court may resentence the defendant "to any sentence which might originally have been imposed," if the defendant knowingly fails to pay restitution. *Id.* § 3614(a). This includes sentencing the defendant to a term of imprisonment if the defendant willfully refuses to pay the restitution or failed to make sufficient bona fide efforts to pay, *id.* § 3614(b), provided that a defendant cannot be imprisoned "solely on the basis of inability to make payments because the defendant is indigent." *Id.* § 3614(c).

### III. Garnishment Interferes With Judicially Controlled Restitution

The government now seeks to garnish bank accounts at garnishee Chase. The presentence report discloses that Roush's spouse maintained accounts at Chase. It is unclear whether the accounts garnished are the accounts disclosed in the presentence report or different accounts the government subsequently identified.

██ The two sides here present plausible readings of the judgment at issue. The government argues that the judgment creates a debt in the amount of $652,000 for which the government may seek a writ of garnishment at any time under 18 U.S.C. § 3613 and 28 U.S.C. §§ 3203–06; in the government's view, the payment schedule in the judgment is a floor below which Roush cannot fall, but it does not preclude the government from obtaining payment earlier if it can find any funds. Roush, in contrast, argues that the payment schedule creates any obligation he may have to pay restitution; because he currently does not owe any restitution under the payment schedule, there is no presently due debt for which the government may garnish. The Court finds Roush's reading more persuasive.

The government makes two arguments in support of its position. First, it argues that the language in the condition of supervised release—"If upon commencement of the term of supervised release any part of the restitution remains unpaid"—reflects that payment can be obtained prior to release. However, the language is just

---

3663A(c)(1)(A))." *Id.* § 3563(b)(2). This would appear to permit conditioning of supervised release upon payment of restitution in all cases. *See generally United States v. Love,* 431 F.3d 477, 480–83 (5th Cir.2005) (discussing restitution as a condition of supervised release both under the catch-all and through incorporation of section 3563(b)(2)). *But see United States v. Stout,* 32 F.3d 901, 904–05 (5th Cir.1994) ("Sentencing courts are permitted to impose restitution as a condition of supervised release to the extent agreed to by the government and the defendant in a plea agreement."). The Circuit has later suggested that *Stout* may not be a complete listing of all circumstances under which supervised release may be conditioned upon payment of restitution. *See United States v. Miller,* 406 F.3d 323, 329–30 (5th Cir.2005) (observing that "[w]e need not resolve that particular dispute").

Although the statute Roush was convicted of violating, 26 U.S.C. § 7201, is not a predicate for restitution under either 18 U.S.C. §§ 3663 or 3663A, Roush's plea agreement includes an agreement that the court may order restitution. *See* Plea Agreement ¶ 3.e, No. 3:02–CR–388–N (N.D. Tex. June 29, 2004). Thus, even under a strict reading of *Stout,* there is no issue regarding the validity vel non of Roush's restitution obligation, and Roush makes no such argument.

as consistent with voluntary prepayment by Roush as it is with involuntary collection by the government. The government also argues that it needs the ability to garnish or otherwise collect restitution to respond to changed circumstances that may occur. But as discussed above, the statutory provisions regarding restitution give the government ample ability to respond to such changed circumstances through court intervention. *See* 18 U.S.C. § 3664(k).[6]

The government's reading would also disrupt the balance struck in section 3664(f)(2). That section requires the court to establish a payment schedule upon consideration of the defendant's assets, the defendant's projected income, and the defendant's financial obligations, including obligations to dependents. Permitting the government to execute on the full amount of restitution at any time it chooses would plainly disrupt the balance set by the court when it established the payment schedule.[7] Perhaps more significantly, permitting the

government to execute at will also contravenes Congress's evident intent for the courts to oversee the timing of payment, both in initially establishing the schedule and in modifying it in response to changed circumstances. *Id.* § § 3664(f)(2), (k).[8] Finally, the government's position conflicts with the language of the judgment. The government's ability to enforce a judgment under section 3613 is perforce limited to the rights and obligations created by the judgment. This Court's judgment provides that "payment of the total criminal monetary penalties are [sic] due" per the schedule; the Court construes its judgment as imposing a restitution obligation that is due *only* as provided by the Schedule of Payments. Because restitution payments are not presently due under the judgment, there is nothing for the government to enforce by garnishment.[9]

The Court accordingly holds that the government may use its enforcement powers under section 3613 only to the extent that restitution payments are currently

---

**6.** Discovery of previously unknown or hidden assets would also constitute a change in the defendant's economic circumstances that could justify modification under section 3664(k), as it would be a change in the economic circumstances presented to the court at sentencing.

**7.** That problem is highlighted here. On this record the Court cannot tell whether the funds garnished are the same funds disclosed in the presentence report or newly discovered funds. If they are the same funds disclosed in the presentence report, then permitting the government to garnish them would directly contravene the balance the Court struck under section 3664(f)(2) at sentencing, without any objection from the government. That issue would be resolved if the government had proceeded under section 3664(k).

**8.** This view of Congress's intent is also consistent with section 3664(n), which provides for automatic payment of restitution with "substantial resources" received by a defendant

while incarcerated, but does not provide for automatic payment from assets such as those the government seeks here to garnish.

**9.** This reading of the Court's judgment is bolstered by other language in the judgment regarding when payments are due. Other check boxes on the Schedule of Payments sheet of Form AO–245B permit a court expressly to designate all or part of any fine or restitution obligation as due immediately, and the Court in fact designated the $100 special assessment expressly "due immediately." The form thus differentiates between amounts due immediately and amounts due only as scheduled. The form also provides a default provision: "Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment." The negative pregnant of that default provision is that if the court *has* expressly ordered otherwise—as this Court did by checking box D—then payment is *not* due during imprisonment.

due and owing under the payment schedule established under section 3664(f)(2), or as modified under section 3664(k).[10] Because Roush is current under the schedule set forth by the Court in Roush's judgment, there is presently nothing for the government to enforce. Accordingly, the Court grants Roush's motion to quash and orders that any funds attached by the Court's writ of garnishment are to be released thirty days from the date of this Order.[11]

### IV. GARNISHEE IS NOT ENTITLED TO ATTORNEYS' FEES

Garnishee Chase has asserted a counterclaim for recovery of its attorneys' fees incurred in response to the writ of garnishment. Chase claims entitlement to those fees under 28 U.S.C. § 3205 or "Texas law." The Court sees nothing in section 3205 that would entitle Chase to attorneys' fees. Nor does Chase specify any provision of Texas law that would entitle it to attorneys' fees in this federal case. *See also United States v. Felder,* 2006 WL 1317013 (N.D.Tex.2006) (denying garnishee's request for attorneys' fees). Accordingly, the Court dismisses Chase's counterclaim with prejudice.

### CONCLUSION

This decision should not be read as discouraging the government from zealously attempting to collect restitution and make the victims of crime whole. The Court certainly intends for its ordered restitution to be paid—the sooner the better—and the Court applauds the government's motives. If, however, the funds at issue were known to the Court and the government at the time the Court established the payment schedule under section 3664(f)(2), and the government believed those funds should be immediately applied towards restitution, then it was incumbent on the government to speak up at that time, rather than accepting the Court's ruling without objection and then attempting to circumvent it by garnishment. Alternatively, if the funds are newly discovered, the Court is simply enforcing Congress's requirement in section 3664(k) that the government give notice and obtain relief under that section before executing on the newly discovered assets, so the Court can perform its statutory duty to balance a criminal defendant's assets, income, and obligations against the right of a crime victim to receive restitution.

---

10. *See United States v. Hanhardt,* 353 F.Supp.2d 957, 960 (N.D.Ill.2004) (justifying prerelease garnishment in part on court's authority to modify schedule of payments under section 3664(k)).

11. *United States v. Doviak,* 367 F.Supp.2d 1056 (N.D.Tex.2005), is not to the contrary as the criminal defendant there failed to comply with the payment schedule. Nor is *United States v. James,* 312 F.Supp.2d 802, 806 (E.D.Va.2004) to the contrary, as the full amount of restitution there was "due and payable immediately."