**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-7566

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MOADIAN ELAM BRATTON-BEY, a/k/a Boaz Bratton-Bey, a/k/a
Modian Elam, a/k/a Jason Smith, a/k/a Joshua Builder, a/k/a
Yarachmiel Messing, a/k/a Malik Jones,

Defendant – Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  George L. Russell, III, District Judge.
(1:10-cr-00580-GLR-1)

Submitted:  March 26, 2014          Decided:  April 1, 2014

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Moadian Elam Bratton-Bey, Appellant Pro Se. Allen F. Loucks,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Moadian Elam Bratton-Bey pled guilty, without benefit of a plea agreement, to conspiracy to commit bank fraud and related offenses. In addition to terms of imprisonment and supervised release, the district court imposed $1,213,347 in restitution, deferred during the period of Bratton-Bey's incarceration and payable in monthly installments of $25 during his term of supervised release.

Following his sentencing, Bratton-Bey moved the district court for return of property, including cash, seized from him during arrests related to his federal prosecution. After the parties subsequently learned that the cash was being held by Maryland state officials, the Government filed two motions in the district court seeking an order directing the state to disburse these funds directly to the district court clerk so that they could be applied toward Bratton-Bey's restitution obligation. The Government argued that the existence of the cash created a material change to Bratton-Bey's financial circumstances warranting a modification of the restitution payment schedule, pursuant to 18 U.S.C. § 3664(k).

Over Bratton-Bey's objection, the district court granted these motions. But the court did not agree with the Government that there had been a material change in Bratton-Bey's financial circumstances under 18 U.S.C. § 3664(k).

2

Rather, the court concluded that the Government could seek immediate satisfaction of the restitution obligation because the newly discovered funds constituted a windfall received by Bratton-Bay during his period of incarceration. The court concluded that it possessed authority under 18 U.S.C. § 3664(n) to order immediate payment of these funds even though the payment schedule did not begin until Bratton-Bay's release from prison. For the reasons that follow, we vacate the court's order and remand.

I.

A sentencing court is required to impose restitution "in the full amount of each victim's losses" and "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A) (2012). The court must determine the manner and schedule of payment by considering the defendant's assets and other financial resources, his income, and his obligations. Id. § 3664(f)(2). A restitution obligation is due immediately unless the court specifies otherwise. Id. § 3572(d)(1).

A sentence imposing a restitution order is a final judgment that may not be modified absent one of several enumerated statutory exceptions. Id. § 3664(o); United States

3

v. Grant, 715 F.3d 552, 557 (4th Cir. 2013) (Grant 4).[1] As relevant here, a court may "adjust the payment schedule, or require immediate payment in full" if it finds a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). Additionally, a defendant's receipt of a windfall during imprisonment triggers an automatic payment requirement. See id. § 3664(n) ("If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed."). To trigger this automatic payment requirement, the defendant must be under a current obligation to satisfy the judgment. See United States v. Roush, 452 F. Supp. 2d 676, 682 (N.D. Tex. 2006) (barring the Government from garnishing the defendant's bank account before any restitution was due on the ground that "there is presently nothing for the government to enforce").

We review for abuse of discretion a district court's decision to modify a defendant's restitution order, but we

_____

[1] Two relevant but unrelated cases concerning modification of a restitution order happen to be captioned United States v. Grant. In an effort to minimize confusion, we will refer to the Fourth Circuit's Grant decision as Grant 4, and the Second Circuit's decision, 235 F.3d 95 (2d Cir. 2000), as Grant 2.

review de novo questions of statutory interpretation.  <u>Grant 4</u>, 715 F.3d at 556-57.   Where the district court's decision is based on the legal question of what constitutes a "material change in the defendant's economic circumstances" under § 3664(k), our review is de novo.  <u>Grant 2</u>, 235 F.3d at 99.

## II.

The district court granted the Government's motions on the ground that Bratton-Bay "receive[d] substantial resources" while incarcerated, triggering the automatic payment provision of Section 3664(n).  But a court may accelerate a restitution order under Section 3664(n) only if the defendant is under a <u>current</u> obligation to satisfy the order.  In this case, Bratton-Bey was under no obligation to pay restitution until his release from imprisonment.[2]   Both Bratton-Bey and the Government therefore agree that the district court erred by granting the Government's motions on the basis of Section 3664(n).  Bratton-Bey's restitution obligation was not presently due and, therefore, there was "nothing for the government to enforce."

---

[2]  As the Government recognizes, the written criminal judgment omits this information, defaulting to an immediate obligation.   Where, as here, there is a conflict between a district court's written judgment and its oral pronouncement of the sentence, the oral sentence controls.  <u>United States v. Osborne</u>, 345 F.3d 281, 283 n.1 (4th Cir. 2003).

<u>Roush</u>, 452 F. Supp. 2d at 682. Given the arguments presented by the parties and the Government's concession, we decline to affirm on the rationale of the district court.

In order to alter the payment schedule to make the deferred restitution obligation due immediately, the court was required to find Bratton-Bey's economic circumstances materially changed under § 3664(k). The Government argues that the record clearly establishes such changed circumstances and urges us to adopt the Second Circuit's rationale in <u>Grant 2</u>. The Government did not rely on this authority in the district court. Rather, it argued that the fact that the district court learned of the funds only after imposing the initial restitution award constituted a material change in Bratton-Bey's financial circumstances -- an argument specifically rejected by the Second Circuit in <u>Grant 2</u>. See <u>Grant 2</u>, 235 F.3d at 99-100.

Normally, we will not entertain arguments raised for the first time on appeal. See <u>Muth v. United States</u>, 1 F.3d 246, 250 (4th Cir. 1993). But, even assuming the Government's argument is properly before us, we find that <u>Grant 2</u> refutes, rather than supports, the Government's position. In <u>Grant 2</u>, the Second Circuit concluded that a finding of a material change in economic circumstances under § 3664(k) requires "an objective comparison of a defendant's financial condition before and after a sentence is imposed." 235 F.3d at 100. The Second Circuit

6

upheld a modification of the defendant's restitution schedule after concluding that the recent "unfreezing" of the defendant's inmate account rendered the account funds newly available to him and, thus, a material improvement in his finances for the purposes of § 3664(k). Id.

Here, Bratton-Bey's cash is in the custody of Maryland authorities and is therefore not an asset newly available to him. Bratton-Bey has precisely the same interest in those funds that he had at the time of his sentencing. We therefore conclude the funds do not presently represent a material change in Bratton-Bey's finances warranting a modification of the payment schedule. Cf. Grant 4, 715 F.3d at 557-60 (concluding that defendant experienced no material economic change adequate to justify acceleration of restitution obligation under § 3664(k) where she received tax refund in amount comparable to refunds received prior to her sentencing, and therefore experienced no objective improvement in her finances).

We have reviewed Bratton-Bey's remaining arguments on appeal and find them to be without merit. Accordingly, we vacate the district court's order and remand to the district court for entry of an order denying the Government's motions. Because Bratton-Bey may ultimately succeed in recovering his funds from state authorities, however, we express no opinion as to the propriety of a modification of the restitution schedule

7

should Bratton-Bey actually obtain the funds, and we direct that the Government's motions be denied without prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>