UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America,
     Government

     v.                                    Case No. 06-cr-117-1-SM
                                           Opinion No. 2017 DNH 220
Steve Huard,
     Defendant

                        **O R D E R**

     The defendant, Steve Huard, was convicted by a jury in 2008

of bank robbery (18 U.S.C. § 2113(a)), conspiracy to commit bank

robbery (18 U.S.C. § 371), and using a firearm in furtherance of

a crime of violence (18 U.S.C. § 924(c)(1)(A)).  He was

sentenced, inter alia, to thirty years in prison, five years of

supervised release, and was ordered to pay restitution to the

victim, Bellwether Credit Union, in the amount of $18,450.00,

with interest waived.  Payment of restitution was ordered to

begin "immediately."  Upon defendant's commencement of

supervised release, the judgment requires the probation officer

to recommend a payment schedule "on any remaining balance not

paid during the defendant's period of incarceration."  The

restitution balance due is $18,075.00.


     The government asserts that defendant currently maintains

approximately $7,585.19 in his inmate trust account and it seeks

to apply that entire amount to his restitution obligation. Defendant says the amount is less than that (approximately $5,914.38), and attributes the bulk of it to an inheritance received from his mother's estate while he has been incarcerated.

An order of restitution is a lien in favor of the United States in a defendant's property that may be enforced in the same manner as fines are recovered or civil judgments are collected. See 18 U.S.C. § 3613(c) and (f). And, to the extent defendant's inmate trust account fund includes an inheritance received while incarcerated, an accelerated restitution payment obligation is triggered:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n).

To the extent that the funds in defendant's inmate trust account are attributable to an inheritance, then, they are to be applied to his restitution obligation. Because defendant remains an inmate, and a periodic payment schedule was not established in the criminal judgment, the government's

2

collection effort poses no conflict with a court order relative to restitution. Nor is this a case involving a defendant on supervised release who is supporting himself and perhaps family members, thus implicating the need to balance competing claims to limited resources. The result might well be different in such cases, but here the government's claim is valid under the governing statute. See generally United States v. Rush, No. 5:14CR00023, 2016 WL 3951224 (W.D. Va. July 20, 2016); United States v. Bratton-Bey, 564 Fed. Appx. 28 (4th Cir. 2014); United States v. Martinez, 812 F.3d 1200 (10th Cir. 2015); United States v. Grigsby, No. 12-10174-JTM, 2016 WL 1056560 (D. Kan. March 16, 2016); United States v. Scales, 639 Fed. Appx. 233, 239 (5th Cir. 2016); United States v. Grant, 715 F.3d 552 (4th Cir. 2013); United States v. Roush, 452 F. Supp. 2d 676 (N.D. Tex. 2006); United States v. Christ, No. 03CR1093-9, 2007 WL 3252612 (N.D. Ill. Oct. 31, 2007); United States v. Cooper, No. 02-40069-SAC, 2006 WL 3512936 (D. Kan. Nov. 1, 2006); United States v. Holcomb, No. 08-20003-JWL, 2012 WL 5306257 (D. Kan. October 26, 2012)

The government's motion is somewhat unclear, however, and defendant's response is insufficient to resolve an ambiguity with respect to just what funds in the trust account are attributable to defendant's receipt of an inheritance. The

government is seeking to recover all of the funds in the account. A better measure of the proper recovery might be described as those funds still remaining in the account attributable to the inheritance - perhaps calculated by subtracting from the value of the inheritance (once it's value is determined) those funds from other sources that were already in the account when the inheritance was deposited, and perhaps also subtracting funds deposited from other sources since the deposit of the inheritance, up until the date of the government's motion seeking to execute on its lien. Such a computation would insure that only those funds remaining from the inheritance, and subject to the provisions of Section 3664(n) when the government sought to execute on its lien, are levied and applied to the outstanding restitution order (leaving funds from other sources available for defendant's personal hygiene and other authorized inmate canteen expenditures). Neither party has addressed issues related to the sources of funds in the account, the identification of funds subject to the lien, the nature and sequence of disbursements, the effect of delay between receipt of the inheritance and execution on the lien, if any, or the court's discretion to modify the restitution order in light of defendant's changed financial circumstances.

The court will leave it to the government to fully investigate the pertinent facts and propose an appropriate order aimed at reaching those funds properly attributable to defendant's inheritance. The defendant may file a response to the government's proposed order. Obviously, the parties may also reach an agreement with respect to the amount to be applied to restitution, the operative principle being that funds attributable to the inheritance in the account on the date of the government's motion are subject to levy to satisfy defendant's restitution obligation.

Other approaches to resolving the government's claim may prove useful as well, but the government should insure that any proposed disposition is not inconsistent with the Bureau of Prisons' management of its Inmate Financial Responsibility Program as it may relate to the defendant.

Within thirty (30) days of the date of this order the government shall file a proposed dispositional order and, if appropriate, a supporting memorandum of points and authorities. Absent an agreed disposition, defendant may file a response within thirty (30) days of the date the government files its proposed order and memorandum.

5

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 13, 2017

cc:  Steve Huard, pro se
     Michael T. McCormack, AUSA
     U.S. Probation