**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-7487

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID DEAN BUZZARD, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:08-cr-00014-1)

Submitted:  November 28, 2022                    Decided:  May 11, 2023

Before GREGORY, Chief Judge, and KING and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

David Dean Buzzard, Jr., Appellant Pro Se.  Jessica Ashley Nathan, Assistant United States Attorney, Detroit, Michigan, Fred B. Westfall, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Dean Buzzard, Jr., pled guilty to conspiracy to defraud and commit an offense against the United States, in violation of 18 U.S.C. § 371.  In addition to terms of imprisonment and supervised release, the district court imposed $12,000 in restitution, to be paid jointly and severally with a codefendant.  The district court specified that payment was to be made in installments of no more than $25 per quarter while Buzzard remains incarcerated and $150 per month thereafter beginning 30 days after his release.

In 2021, the Government filed a motion in the district court seeking an order directing the disbursement of funds held in Buzzard's inmate trust account with the Bureau of Prisons so that these funds could be applied toward Buzzard's outstanding restitution obligation.  The Government noted that Buzzard's account held $1,344.54 and requested that the district court order the BOP to turn over all but $300 of these funds.  Without waiting for a response from Buzzard, the district court granted the Government's motion. On appeal, Buzzard argues that the district court abused its discretion by ordering the withdrawal of funds from his trust account despite the installment plan in his criminal judgment and that the court violated his constitutional rights by entering its order without appointing him counsel or affording him the opportunity to be heard.  For the following reasons, we vacate the court's order and remand.

A sentencing court is required to impose restitution "in the full amount of each victim's losses" and "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A).  The court must determine the manner and schedule of payment by considering the defendant's assets and other financial resources, his income,

2

and his obligations. *Id.* § 3664(f)(2). A restitution obligation is due immediately unless the court specifies otherwise—namely, by providing for payment on a date certain or in installments. *Id.* § 3572(d)(1).

"We review a district court's restitution order for abuse of discretion." *United States v. Ritchie*, 858 F.3d 201, 206 (4th Cir. 2017) (internal quotation marks omitted). A restitution order establishes a lien in favor of the United States against the defendant's property and rights to property, which "arises on the entry of judgment." 18 U.S.C. § 3613(c), (f). The Government may seek enforcement of a restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law," 18 U.S.C. § 3613(a), (f), and "by all other available and reasonable means," 18 U.S.C. § 3664(m)(1)(A)(ii).

A defendant's receipt of a windfall during imprisonment triggers an automatic payment requirement. *See id.* § 3664(n) ("If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed."). However, to trigger this automatic payment requirement, the defendant must be under a current obligation to satisfy the judgment. *See United States v. Roush,* 452 F. Supp. 2d 676, 682 (N.D. Tex. 2006) (barring government from garnishing defendant's bank account when he was current on payments under installment plan and judgment did not otherwise make restitution due immediately, finding that "there [was] presently nothing for the government to enforce").

3

Buzzard's criminal judgment provides that restitution is due "in installments of no more than $25 per quarter" while he remains incarcerated. Nowhere does the judgment state that restitution is due immediately. Given this schedule of payments, the express limitations placed on the amount the Government can recover from Buzzard while he remains incarcerated, and the lack of language in the order providing that restitution is otherwise due immediately, we conclude that there is no current obligation to satisfy the restitution order. *See United States v. Hughes*, 914 F.3d 947, 949 (5th Cir. 2019) ("When a restitution order specifies an installment plan, unless there is language directing that funds are also immediately due, the government cannot attempt to enforce the judgment beyond its plain terms absent a modification of the restitution order.")

Accordingly, we vacate the district court's order and remand to the district court for entry of an order denying the Government's motion.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] In light of this disposition, we need not address Buzzard's argument that the district court violated his due process rights by not affording him an opportunity to respond to the Government's motion prior to entering its order.

4