IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-11185
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

AFFIONG EKONG

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV- 810

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Affiong Ikpeme Ekong, federal prisoner # 31386-177, was convicted of health care fraud and was ordered to pay restitution in the amount of $896,737. The Government filed an application for writ of garnishment upon Ekong's interest in pension benefits held by the Dallas County Hospital District, Supplemental Retirement Plan (the Plan). The district court ordered that the writ of garnishment be issued. On August 29, 2005, the Plan answered, admitting that it held, for the benefit of Ekong, employer matching funds in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amount of $19,745.58, which were immediately distributable. Ekong timely filed her opposition to the application for writ of garnishment. The district court denied Ekong's objections and entered a final order of garnishment. Ekong gave timely notice of her appeal.

Ekong has moved for appointment of counsel. The motion is DENIED. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Ekong contends that there was no justification for requiring immediate payment because the criminal judgment specified that restitution be paid in installments. This argument is without merit. "The [Mandatory Victim Restitution Act (MVRA)] provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means" and, under 18 U.S.C. § 3613(a), it may collect "restitution 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law,'" including the Federal Debt Collection Procedures Act of 1990. United States v. Phillips, 303 F.3d 548, 550–51 (5th Cir. 2002). The attorney general is required by the MVRA to enforce victim restitution orders "aggressively." Id. at 551. There is nothing in the criminal judgment to the contrary.

Ekong contends that the Government failed to comply with 28 U.S.C. § 3205(b)(1)(B), by making demand for payment more than 30 days prior to seeking the writ of garnishment. In its response to Ekong's objections to the application for writ of garnishment, the Government showed that demand for payment was mailed to Ekong on November 16, 2004, which was more than 30 days prior to the filing of the application for writ of garnishment on April 25, 2005. Ekong filed an affidavit in response attesting that she never received the Government's letter. The district court determined that the Government had presented sufficient proof that a demand letter was mailed to Ekong. The district court held that Ekong had failed to rebut the presumption that the demand letter was received.

"Proof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed."  Beck v. Somerset Technologies, Inc., 882 F.2d 993, 996 (5th Cir. 1989). "A sworn statement is credible evidence of mailing for the purposes of the mailbox rule." Custer v. Murphy Oil USA, Inc., 503 F.3d 415, 420 (5th Cir. 2007) (brackets and quotation marks omitted).  The placement of a letter in the mail may be proved by circumstantial evidence, including evidence of the sender's customary mailing practice.  Id.  The addressee's "bare assertion of non-receipt" is insufficient to rebut the assumption.  Id. at 421.

The Government submitted the affidavit of the legal assistant who prepared the letter and caused it to be mailed to Ekong's residence and postal address through the United States mail.  The legal assistant's affidavit was supported by business records.  See Custer, 503 F.3d at 421.  Ekong's affidavit of non-receipt was not supported by circumstantial evidence.  See id.  The district court did not err in applying the mailbox rule.  The district court's order overruling Ekong's objections to the application for writ of garnishment is AFFIRMED.