Revised June 10, 2009

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 08-11128
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 12, 2009

Charles R. Fulbruge III
Clerk

UNITED STUDENT AID FUNDS INC,

Plaintiff-Appellant

v.

MURACOMBI ENTERPRISES INC, Individually and doing business as ABC
Wrecker; ABC WRECKER SERVICE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-139

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant United Student Aid Funds ("USAF") sued Defendant-
Appellee Muracombi Enterprises, Inc., individually and doing business as ABC
Wrecker Service ("Muracombi"), in the United States District Court for the
Northern District of Texas under section 488 of the Higher Education Act of
1965 ("HEA"), 20 U.S.C. § 1095a (2006), for failure to comply with orders of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

withholding from earnings. The district court granted summary judgment to Muracombi, and USAF has appealed to this Court. We REVERSE the district court's grant of summary judgment and REMAND for further proceedings in accordance with this opinion.

## I. Factual & Procedural Background

USAF, an authorized student loan guaranty agency, guaranteed student loans for Kelby Hubbard. Hubbard defaulted on his loans. On November 19, 2004, USAF gave Hubbard notice of its intent to initiate withholding proceedings. Because Hubbard did not request a hearing, on December 20, 2004, USAF mailed a withholding order to Hubbard's employer, Muracombi, authorizing the garnishment of a portion of Hubbard's earnings. USAF sent this order via first-class mail to 4020 Flory Street in Fort Worth, Texas, Muracombi's registered office address.

Muracombi neither responded to USAF's notice nor remitted any portion of Hubbard's wages. Consequently, on January 25, 2005, USAF mailed a second withholding order to Muracombi at its registered address, requesting compliance with the first order. Again, Muracombi did not respond to or comply with the withholding order, so USAF's national counsel sent a demand letter to Muracombi at its registered address. Muracombi never responded.

In 2007, USAF sued Muracombi alleging that Muracombi was liable for the portion of the wages it failed to withhold from Hubbard's paycheck. The service of process was returned to USAF, unexecuted, with the notation: "Neither the registered agent, [sic] [n]or any corporate officer of the defendant corporation can be found at its registered office or any other address." USAF arranged for substituted service on the Texas Secretary of State; service was returned with the notation: "No Forwarding Order on File." USAF moved for and was granted a default judgment against Muracombi.

After becoming aware of the default judgment, Muracombi contacted USAF to inquire about the basis of the lawsuit. After communicating with USAF's counsel, Muracombi paid all amounts due under the withholding order but refused to pay USAF's attorney's fees. Although the district court set aside the default judgment, USAF maintained the suit, seeking payment of its fees.

On March 27, 2008, Muracombi moved for summary judgment, arguing that it never actually received the withholding orders, and, therefore, it was not liable under the HEA for noncompliance. The district court agreed, holding that "the HEA specifically requires that the employer receive notice of a withholding order before becoming liable," and here, "Plaintiff [had] failed to provide any evidence tending to show that Defendants actually received[1] notice of the orders." The district court therefore granted Muracombi's motion. USAF appeals.

## II. Standard of Review

We review a grant of summary judgment de novo, applying the same standard as the district court. Bolton v. City of Dallas, 472 F.3d 261, 263 (5th Cir. 2006). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). We must view the evidence in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

---

[1] The "actually received" language came from the district court's construction of the following from the relevant statute: an employer is liable for "any amount that such employer fails to withhold from wages due an employee following receipt of such employer of notice of the withholding order[.]" 20 U.S.C. § 1095a(a)(6).

The movant bears the initial burden of demonstrating that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant does not meet this burden, summary judgment must be denied. John v. Louisiana, 757 F.2d 698, 708 (5th Cir. 1985). But if the movant meets this burden, the nonmovant "must [then] identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim[.]" Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004). "[S]uch evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." Id.

## III. Discussion

Under the HEA, an employer is liable for "any amount that such employer fails to withhold from wages due an employee following receipt of such employer of notice of the withholding order . . . ." 20 U.S.C. § 1095a(a)(6). This language requires receipt of the order, but it does not specify that the party asserting the withholding order must serve the employer personally or by certified mail. The disagreement in this case centers on the question of what evidence of proof of receipt is required to raise a fact issue for summary judgment purposes.

"'Proof that a letter properly directed was placed in a [United States] post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed.'" United States v. Ekong, 518 F.3d 285, 287 (5th Cir. 2007) (quoting Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989)). This presumption does not require the use of certified mail; it simply requires that a letter be properly addressed, stamped, and placed in the care of the United States Postal Service. See Mulder v. Comm'r of Internal Revenue, 855 F.2d 208, 212 (5th Cir. 1988); see also Lyle Cashion Co. v. McKendrick, 204 F.2d 609, 611 (5th Cir. 1953). The placement of a letter in the mail may be proved by a sworn statement, Ekong,

518 F.3d at 287, or by circumstantial evidence such as the sender's customary mailing practice. Custer v. Murphy Oil USA, Inc., 503 F.3d 415, 420 (5th Cir. 2007). "[T]he presumption may only be overcome by evidence that the mailing was not, in fact, accomplished." In re Eagle Bus Mfg., Inc., 62 F.3d 730, 735 (5th Cir. 1995) (internal quotation marks and citation omitted). Thus, evidence of mailing is some evidence of receipt, though it may not be conclusive.

As the movant, Muracombi had the initial burden to show that no genuine issue of material fact existed as to whether it received USAF's withholding orders. Muracombi submitted the affidavit of Kathy Routh, the President and Registered Agent of Muracombi. Ms. Routh averred that Muracombi never received a copy or any other form of notice of the withholding order before USAF filed its lawsuit. Ms. Routh's affidavit did not (1) state that she was the only person to open mail at Muracombi or even that she, as its president, would ever be the person to receive and open the general mail; (2) deny that the Flory Street address was the registered office at the relevant time; or (3) deny that Muracombi received mail forwarded from the Flory Street address.[2] Thus, we question whether this affidavit was sufficient to sustain summary judgment in the absence of a response.[3]

Even if we found this affidavit sufficient, USAF's response raises a contrary fact issue. USAF submitted to the district court the affidavit of Gary Mooneyham, USAF's records custodian. Mr. Mooneyham averred that USAF

---

[2] Given that her affidavit indicated that the Flory Street address was "abandoned" earlier that same year that the order was sent, it is not unreasonable to wonder whether mail was forwarded, since the usual forwarding period for U.S. mail is one year.

[3] A "bare assertion of non-receipt" is insufficient to rebut the presumption of receipt that results from proof of mailing; it is sufficient to raise a fact issue. Custer, 503 F.3d at 421; see also In re Eagle Bus Mfg., 62 F.3d at 735.

sent wage withholding orders to Muracombi at its registered address[4] on December 20, 2004, and January 25, 2005, and that the routine practice is to send such orders through the mail. Mr. Mooneyham described the mailing process as follows: the orders are put in addressed envelopes, the envelopes are placed in the "mail going out box," the postage is applied to the envelopes, and the orders "go out in the regular mail deposit." In sum, USAF submitted both a sworn statement that the withholding orders were mailed and circumstantial evidence of the customary mailing practice, both of which this Court has recognized as sufficient to trigger the presumption that the mailed material reached its destination and was actually received by the addressee. See Ekong, 518 F.3d at 287; Custer, 503 F.3d at 421. USAF also presented evidence that its attorney's pre-suit demand letter sent to the Flory Street address did not come back in the mail.

This case, then, presents the classic fact question. Do we believe the evidence that suggests receipt or the evidence that suggests non-receipt? Of course, when a genuine issue of material fact exists, it must be submitted to the trier of fact rather than disposed of by the district court through summary judgment. FED. R. CIV. P. 56(c); see Peel & Co. v. The Rug Market, 238 F.3d 391, 397 (5th Cir. 2001).

## IV. Conclusion

Because a genuine issue of material fact exists, summary judgment was improper. Accordingly, we REVERSE the district court and REMAND for further proceedings consistent with this opinion. We express no opinion on

---

[4] Muracombi has never disputed that the Flory Street address was its registered address when USAF mailed the withholding orders. The purpose of requiring a company to maintain a registered address is to provide a location to send service of process and other notices. See TEX. BUS. CORP. ACT ANN. art. 2.09 (Vernon 2003). Under Texas law, it was Muracombi's responsibility to notify the Secretary of State of any change in its registered address. See TEX. BUS. CORP. ACT ANN. Art. 2.10(A)(3) (Vernon 2005).

whether attorney's fees should be awarded to USAF or the amount of same.