

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2009

# USA v. Shusterman

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2030

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Shusterman" (2009). *2009 Decisions.* Paper 1167.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1167

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 08-2030

————————

UNITED STATES OF AMERICA

v.

DENIS SHUSTERMAN,
Appellant

————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Crim. Action No. 2-04-cr-00364-001)
District Judge:  Honorable Legrome D. Davis

————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 19, 2009

Before:  FISHER, JORDAN AND VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 19, 2009)

————————

OPINION

————————

PER CURIAM

Denis Shusterman, a federal prisoner proceeding <u>pro</u> <u>se</u>, appeals a garnishment

order of the United States District Court for the Eastern District of Pennsylvania.  We will

affirm.

Denis Shusterman pleaded guilty to bank fraud, wire fraud, bankruptcy fraud, perjury, tax evasion, and other crimes. The charges against Shusterman arose from his theft of funds from his employer. In 2006, Shusterman received a sentence of 168 months in prison, five years of supervised release, restitution in the amount of $11,013,560.02, and a special assessment in the amount of $5,100.00. In 2007, we affirmed the judgment of sentence. The United States Supreme Court denied Shusterman's petition for a writ of certiorari.

In April 2007, the Government moved for a writ of garnishment against property belonging to Shusterman to apply toward the restitution judgment. The Government identified six parties that it believed possessed property belonging to Shusterman. The District Court directed the garnishees to identify any such property that they held, and the garnishees filed answers to the writ. Shusterman claimed statutory exemptions to garnishment based on a child support order and disposable earnings, and he requested a hearing. Shusterman's exemption claim, however, was not docketed in District Court. According to the Government, it was mistakenly delivered to the United States Attorney's Office.

In February 2008, the Government filed a motion for a final order of garnishment and opposition to Shusterman's claim of exempt property. The Government attached to its motion a copy of Shusterman's exemption claim. The District Court granted the Government's motion the day that it was filed and directed the garnishees to pay to the District Court Clerk the funds belonging to Shusterman for application toward the

restitution judgment. The District Court denied Shusterman's claim of exempt property.

Shusterman then moved to dismiss the motion for garnishment and to quash the writ of garnishment. He argued that the District Court lacked jurisdiction to consider the Government's opposition to his exemption claims because the opposition was untimely filed. Shusterman also moved for an extension of time to respond to the Government's objections to his exemption claims. The Government responded that the statute relied upon by Shusterman was inapplicable and noted that the only possible infirmity in the case was that the District Court did not hold a hearing on Shusterman's exemption claims. The Government suggested that the Court hold a hearing if Shusterman requested.

Shusterman then filed a notice of appeal of the garnishment order. He also continued to file motions in District Court. Shusterman filed an amended motion to quash the writ of garnishment, apparently acknowledging that the statute that he had previously relied upon did not apply, and asserting that the District Court lacked jurisdiction because it had not held a timely hearing on his exemption claims, as required by 28 U.S.C. § 3202(d). Shortly thereafter, Shusterman filed a response to the Government's objections to his exemption claims. The District Court asked this Court to remand the matter for a hearing on Shusterman's motions, and we remanded the matter.[1]

---

[1]Shusterman then filed in District Court a motion for a change in venue, arguing that his exemption claims should be heard in the district in which he was incarcerated. Notwithstanding his pending motions in District Court, Shusterman also moved this Court to stay and recall the mandate of remand. After his motion was denied, Shusterman unsuccessfully sought to withdraw his pending motions in District Court.

3

At a hearing held on July 8, 2008, the District Court allowed Shusterman to represent himself, with court-appointed counsel acting as stand-by counsel. Shusterman argued that the remand of his case was improper, asserted that the District Court lacked jurisdiction, and addressed the merits of his child support exemption claim. On July 15, 2008, the District Court denied Shusterman's exemption claims on the merits and denied his pending motions.

On appeal, Shusterman does not challenge the substance of the garnishment order. Rather, he argues that the District Court lacked subject matter jurisdiction to issue the order. As explained in the Government's brief, under 18 U.S.C. § 3664(m)(1)(A), the Government may enforce a restitution order in the manner provided by subchapter B of Chapter 229, or 18 U.S.C. § 3613. Section 3613(a) allows the Government to enforce a judgment imposing a fine in accordance with the procedures for the enforcement of a civil judgment. Under these procedures, the Government may apply for a writ of garnishment, and the court may issue the writ and a disposition order. See 28 U.S.C. § 3205. Thus, the District Court had jurisdiction to issue the garnishment order. See also United States v. Kollintzas, 501 F.3d 796, 800-01 (7th Cir. 2007) (discussing district court's jurisdiction to entertain civil garnishment and other collection remedies within an underlying criminal case).

Shusterman further argues that the District Court erred in ordering garnishment where it had set a payment schedule for restitution at sentencing. We disagree. As discussed above, the applicable statutes allow the Government to enforce restitution

4

orders via a garnishment order. Shusterman's criminal judgment is not to the contrary.

The judgment provides that restitution is due immediately and recommends that

Shusterman participate in the Bureau of Prisons Inmate Financial Responsibility Program.

The judgment further provides that, in the event the entire restitution is not paid before

the commencement of supervision, Shusterman shall pay monthly installments of not less

than $250.00. The District Court did not err in allowing garnishment as an additional

means to collect the restitution judgment. See United States v. Ekong, 518 F.3d 285, 286

(5th Cir. 2007) (per curiam) (rejecting argument that writ of garnishment was improper

where the criminal judgment specified that restitution be paid in installments).[2]

Shusterman also argues that the garnishment order is void because the District

Court did not afford him a hearing on his exemption claims. This argument lacks merit.

Although the District Court may have erred in not holding a hearing before issuing the

garnishment order, Shusterman was afforded a hearing on remand and he has identified

no prejudice as a result of the delay. The District Court ruled on the merits of

Shusterman's exemption claims, and Shusterman has not challenged those rulings.

Shusterman's additional arguments that this Court improperly remanded the case, and that

---

[2]United States v. Roush, 452 F. Supp. 2d 676 (N.D. Tex. 2006), relied upon by Shusterman, is distinguishable. The court granted a motion to quash garnishment where the judgment provided that restitution would be paid pursuant to the payment schedule but did not provide that restitution was due immediately. Id. at 681. Although Shusterman also argues that the sentencing court did not state at his sentencing hearing that restitution was due immediately, we agree with the Government that the oral pronouncement of the sentence relied upon by Shusterman is not in conflict with the written judgment.

5

the District Court acted beyond the scope of the remand, are also without merit.

Accordingly, we will affirm the orders of the District Court.