# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10442
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

EUGENE J. LOCKHART, JR.,

Defendant–Appellant.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-1446

Before SMITH, WIENER, and ELROD, Circuit Judges.

JERRY E. SMITH, Circuit Judge.*

Eugene J. Lockhart, Jr., pleaded guilty of conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. §§ 1343–44 and 1349.  He was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10442

sentenced to fifty-four months' imprisonment and ordered to pay $2,436,079 in restitution. For Lockhart to pay that obligation, the district court entered an order garnishing his pension and disability payments, bank accounts, and insurance policies. Lockhart appeals, *pro se*, the order on the grounds that it differs from the criminal judgment and violates the Mandatory Victim Restitution Act ("MVRA") and public policy. We affirm.

## I.

Lockhart claims that the order, which requires immediate payment of a portion of his debt, is improper because it differs from the payment plan in the criminal judgment, which specifies that lower restitution payments begin sixty days after his release from custody. He misreads the judgment, which states that restitution is "payable immediately" and "payable during incarceration" and that the "payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment . . . ." Furthermore, the plan goes into effect only "[i]f upon commencement of the term of supervised release any part of the restitution remains unpaid . . . ." Lockhart has not commenced supervised release, so the payment plan cannot be violated.

Even under Lockhart's characterization of the judgment, he all but concedes that *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (per curiam), forecloses relief if it is binding on this panel. There we affirmed a garnishment order requiring immediate payment despite that the judgment had a payment plan similar to Lockhart's. *Id.* Although speaking in terms of res judicata, collateral estoppel, and waiver, Lockhart makes essentially the same argument as did the plaintiff in *Ekong*—claiming that the payment plan limits garnishment. We found that notion to be "without merit" under the MVRA, 18 U.S.C. § 3613(a), which "was drafted to strengthen the ability of the

No. 14-10442

Government to collect criminal restitution . . . ."[1]

Lockhart's attempt to distinguish *Ekong* is unavailing.  Despite his assertion, that case is published and binding on this panel;[2] that the plaintiff was *pro se* has no effect on its precedential authority.  Lockhart asks us to revisit *Ekong*, but "one panel of this Court may not overrule another."  *Cent. Pines Land Co. v. United States*, 274 F.3d 881, 893 (5th Cir. 2001).  As with the judgment in *Ekong*, nothing in Lockhart's criminal judgment prevents the government from collecting restitution immediately in amounts greater than the payment plan.

## II.

Lockhart, a former NFL player, also disputes the scope of the order.  First, he claims that garnishment of his NFL pension should be limited to 25% of his disposable earnings under § 3613(a)(3) of the MVRA; the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1673; and *United States v. DeCay*, 620 F.3d 534, 543–44 (5th Cir. 2011) (holding that pension payments are subject to the CCPA's 25% garnishment cap on "earnings").  That objection is moot because the district court limited garnishment of his pension to 25%.

Second, Lockhart contends that the 25% garnishment of his NFL supplemental disability payments violates public policy and should be quashed.[3]

---

[1] *United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002) (citation and internal quotation marks omitted); s*ee also United States v. Shusterman*, 331 F. App'x 994, 996–97 (3d Cir. 2009) (per curiam) (citing *Ekong* in support of holding that "[t]he District Court did not err in allowing garnishment as an additional means to collect the restitution judgment" notwithstanding a payment plan at sentencing).

[2] *Ekong* was originally issued as an unpublished opinion, but on February 21, 2008, this court granted the government's motion to publish it.

[3] Alternatively, Lockhart asks us to limit the garnishment of his disability benefits to 15%.  He states that "the United States is deducting 15% of those payments" and, without providing any reason, "prays the garnishment of his disability payments . . . are [sic] limited to 15% of the total payment."  The order, however, garnishes 25% of the disability payments,

No. 14-10442

Given the clear congressional intent to facilitate victim recovery under the MVRA, we decline to create a limitation where Congress has not.[4]

Finally, Lockhart maintains that garnishment should be limited to "25% of [his] wife's community interest in the community estate." Read liberally, the brief seems to posit that the CCPA's 25% garnishment cap on "disposable earnings" applies to his wife's one-half interest in her solely managed community property.[5]

Section 1673(a) applies to "disposable earnings" as defined in § 1672(a) and (b) to mean "compensation paid or payable for personal services . . . ." "The Supreme Court has cautioned that the terms 'earnings' and 'disposable earnings' under the CCPA are 'limited to periodic payments of compensation and (do) not pertain to every asset that is traceable in some way to such compensation.'"[6] The only periodic payments in the garnishment order—the NFL pension and disability payments—are garnished at 25%. The order garnishes money in bank accounts and insurance policies, but those are not "disposable earnings" under § 1673(a) and therefore are not subject to its cap.[7]

The appealed-from garnishment order is AFFIRMED.[8]

---

and we decline to reduce it to 15%.

[4] *See also United States v. Ashcraft*, 732 F.3d 860, 863–65 (8th Cir. 2013) (holding that disability payments are "earnings" under the CCPA and subject to a 25% garnishment).

[5] *See United States v. Loftis*, 607 F.3d 173, 178–80 (5th Cir. 2010) (construing the scope of a garnishment order on community property under Texas law).

[6] *DeCay*, 620 F.3d at 543 (alteration in original) (quoting *Kokoszka v. Belford*, 417 U.S. 642, 651 (1974) (internal quotation marks omitted)).

[7] *See, e.g.*, *Usery v. First Nat'l Bank*, 586 F.2d 107, 108–11 (9th Cir. 1978) (holding that wages do not retain their status as "earnings" under the CCPA once they are deposited into an employee's bank account); *United States v. Tisdale*, No. 3:12-CV-5250-L, 2013 WL 4804286, at *4 (N.D. Tex. Sept. 9, 2013) (same) (collecting cases).

[8] Lockhart's motion to file a reply brief out of time is GRANTED. His motion to file an appendix to the reply brief out of time is GRANTED.