# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2922

_____

United States of America,

*Plaintiff - Appellee,*

v.

Bryan S. Behrens,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: June 27, 2016
Filed: July 19, 2016
[Unpublished]

_____

Before COLLOTON, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

Upon the government's motion, the district court[1] issued a writ of garnishment, pursuant to the Federal Debt Collection Procedures Act (FDCPA), to collect a portion

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

of a criminal restitution debt owed by Bryan Behrens. Behrens objected to the garnishment, moving for a hearing and appointment of counsel. The court denied Behrens's motions, and he appeals, arguing that (1) the court erred in denying a hearing and appointed counsel, and (2) the garnishment was improper, because the court lacked jurisdiction over his original indictment, the indictment did not include a forfeiture count, and he was not in default of the payment schedule set forth in the underlying criminal judgment.

These arguments fail. First, Behrens's jurisdictional argument amounts to a challenge to the validity of the restitution order, and he may not raise such a challenge in FDCPA proceedings, which are limited to consideration of claimed exemptions, the government's compliance with statutory requirements, and the validity of default judgments. *See* 28 U.S.C. § 3202(d). Second, Behrens's assertion that the indictment did not include a forfeiture count is misplaced, as these proceedings were not an attempt to obtain forfeiture but to collect restitution. Third, the payment schedule set forth in the judgment did not preclude the instant garnishment, because the judgment specified that the amount owed was due in full on the date of judgment; and notably, the judgment imposed the obligation to make installment payments without limiting the government's ability to institute civil collections proceedings. *Compare United States v. Martinez*, 812 F.3d 1200, 1202-08 (10th Cir. 2015) (holding that government could not garnish assets beyond amount currently due under installment schedule when restitution order did not create immediately enforceable debt for full restitution amount), *with United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (rejecting debtor's contention that installment plan prevented garnishment because nothing in criminal judgement was contrary to statutes allowing government to enforce victim restitution orders under FDCPA).

We conclude further that the denial of a hearing is not a basis for reversal, because each of the objections that Behrens sought to raise at the hearing failed as a matter of law. *See United States v. Page*, No. 1:13CV119, 2013 WL 2945070, at *4

(N.D. W. Va. June 14, 2013); Fed. R. Civ. P. 61 (harmless error). Finally, Behrens did not have a right to counsel in FDCPA proceedings, *see United States v. Cohan*, 798 F.3d 84, 89 (2d Cir. 2015), and the court did not abuse its discretion in declining to appoint counsel, *see Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (listing relevant criteria for determining whether to appoint counsel in civil matter).

Accordingly, we affirm.

_____