# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10498
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY L. WILSON, also known as Johnny Lee Wilson,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-126-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Johnny L. Wilson pleaded guilty to embezzling union funds. He was sentenced to 18 months of imprisonment and ordered to pay $120,352.32 in restitution to the Amalgamated Transit Union Local 1338. The judgment provided for a schedule of payments following Wilson's release from prison, but also noted that the payment plan did not affect the Government's ability to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immediately collect payment in full by any means available under state or federal law.

Approximately four months into Wilson's prison sentence, the Government filed an application for a writ of garnishment pursuant to the Federal Debt Collection Procedures Act ("FDCPA"). The Government sought a writ of garnishment for nonexempt property belonging to Wilson in the possession of the garnishee, Regions Bank. As required by 28 U.S.C. §§ 3203(c) and 3205(c)(3)(B), the application for writ of garnishment, order for issuance of writ of garnishment, writ of garnishment, and clerk's note of exemptions and hearing request form were served on Regions Bank and Wilson. After receipt of the garnishment documents, Regions answered that it had in its possession $914.47 belonging to Wilson, and Wilson requested a hearing. The district court denied the hearing request, reasoning that Wilson had failed to establish any facts entitling him to a hearing. The district court then issued a final order of garnishment.

Wilson, proceeding *pro se*, timely appealed. He argues that the district court erred in entering the garnishment order and seeks to repay his debt according to the schedule established in the judgment of conviction. We review restitution garnishment orders for abuse of discretion. *United States v. Elashi*, 789 F.3d 547, 548 (5th Cir. 2015).

The Government may use the garnishment provisions of the FDCPA to collect restitution obligations imposed in a criminal judgment. *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007). Under the FDCPA, a court may garnish "property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, and control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). Section 3205(c) sets forth

No. 17-10498

the procedures for issuing an order of garnishment, including service of a writ of garnishment upon the garnishee and the debtor, the garnishee's answer to the writ, and the opportunity for the debtor or the Government to object to that answer and request a hearing. *See* 28 U.S.C. § 3205(c). "The party objecting shall state the grounds for the objection and bear the burden of proving such grounds" and the court "shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable." 28 U.S.C. § 3205(c)(5). If no hearing is requested, the court "shall promptly enter" an order of garnishment. 28 U.S.C. § 3205(c)(7). "If a hearing is timely requested, the order shall be entered within 5 days after the hearing, or as soon thereafter as is practicable." *Id.*

On appeal, Wilson does not assert any legal or factual error by the district court. He outlines the above-noted procedures for entering a final order of garnishment, but he does not assert that the district court erred in following them. Construing his *pro se* filings liberally, *see Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), he appears to contend that the district court erred by denying his request for a hearing. However, his request for a hearing did not assert any grounds for objecting to the garnishment. Accordingly, the district court did not abuse its discretion in denying the hearing request. *See United States v. Stone*, 430 F. App'x 365, 368 (5th Cir. 2011); 28 U.S.C. § 3205(c)(5) ("The party objecting shall state the grounds for the objection . . . ."). To the extent he argues that the Government is limited to collecting the restitution amount solely by means of the schedule established in the judgment of conviction, he is incorrect. *See Ekong*, 518 F.3d at 286 (holding that a criminal judgment specifying a restitution payment plant does not prevent the Government from requiring immediate payment by garnishment).

The judgment of the district court is AFFIRMED.

3