# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2018

Lyle W. Cayce
Clerk

No. 17-50288
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN EDWARDO PENA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-324-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Adrian Edwardo Pena pled guilty to making a false, fictitious, and fraudulent claim to the Government, and he was sentenced to 26 months of imprisonment or time served. As announced at the sentencing hearing and reflected in the written judgment, the district court deferred its decision on the restitution amount pursuant to 18 U.S.C. § 3664(d)(5), and it subsequently held a restitution hearing. Ninety days after the sentencing hearing, the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50288

district court issued an order directing Pena to pay $804,765.85 in restitution to the U.S. Property and Fiscal Office for the State of Arizona.

Approximately eight months following issuance of the restitution order, the Government filed an application for a writ of garnishment pursuant to the Federal Debt Collection Procedures Act (FDCPA). The Government sought and obtained a writ of garnishment for nonexempt disposable earnings belonging or due to Pena by his employer. After Pena's employer filed an answer to the writ, Pena, proceeding pro se, unsuccessfully moved to quash the writ of garnishment. On motion of the Government, the district court issued a final order of garnishment.

On appeal, Pena argues that the district court abused its discretion in denying his motion to quash and entering the garnishment order because the record did not contain a "final judgment and commitment" that included a restitution amount. In addition, he challenges the accuracy of the interest calculations set forth in the garnishment order, and he argues that the record does not reflect whether the district court intended to issue a payment schedule, which he claims would negate any garnishment order. He also argues that the district court abused its discretion in failing to correct a clerical error in the judgment.

As to his primary argument, Pena fails to demonstrate that the final judgment of conviction and sentence entered in his case did not extend to the district court's subsequent restitution order or that the district court was required to enter an amended judgment incorporating the amount of restitution. *See, e.g.*, § 3664(o); *Dolan v. United States*, 560 U.S. 605, 608–09, 618 (2010). Because he has not shown that the district court lacked authority to enforce the underlying restitution order through the garnishment provisions, Pena has not shown that the district court abused its discretion in

2

denying his motion to quash and entering the final order of garnishment. *See United States v. Elashi*, 789 F.3d 547, 548 (5th Cir. 2015); *United States v. Clayton*, 613 F.3d 592, 595 (5th Cir. 2010).

Pena's next argument concerning the interest calculations is premised on his claim that there is no final judgment reflecting the restitution amount. This argument too fails. The record reveals that the interest was properly calculated based on the date the restitution order was issued. *See* 18 U.S.C. § 3612(f). Also without merit is Pena's contention that there was no justification for the garnishment order because the district court may have intended that restitution be paid in installments. The Government is authorized under Section 3613(a) to collect criminal fines and restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law," including the garnishment provisions of the FDCPA. *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (quoting 18 U.S.C. § 3613(a)). This is exactly what the Government did here.

Lastly, Pena contends that the district court abused its discretion in implicitly denying his request for correction of a clerical error in the judgment. Rule 36 provides that "the court *may* at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36 (emphasis added). Pena has failed to show how he has been harmed by the alleged error. Therefore, the district court did not abuse its discretion in denying Pena's request. *See United States v. Mueller*, 168 F.3d 186, 188 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.