# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1053

_____

United States of America

*Plaintiff - Appellee*

v.

Edward Lee Raifsnider, also known as Edward John Snider, also known as Mark
L. Newman, also known as Christopher L. Bishop, also known as Edward Thomas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: April 21, 2021
Filed: April 28, 2021
[Unpublished]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Federal inmate Edward Raifsnider appeals the district court's order granting
the government's motion for payment from his inmate trust account to be applied
toward his restitution balance. We review the court's decision to issue the
enforcement order for abuse of discretion and review issues of statutory interpretation

de novo. See United States v. Rand, 924 F.3d 140, 142 (5th Cir. 2019) (district court's decision to issue turnover order under 18 U.S.C. § 3664(n) is reviewed for abuse of discretion); United States v. Vanhorn, 399 F.3d 884, 886 (8th Cir. 2005) (per curiam) (absent error of law or clearly erroneous factfinding, district court's decision whether to modify restitution under 18 U.S.C. § 3664(k) is reviewed for abuse of discretion); United States v. Adejumo, 848 F.3d 868, 870 (8th Cir. 2017) (reviewing statutory interpretation of 18 U.S.C. § 3664 de novo).

In 1998, Raifsnider pleaded guilty to using a false social security number, and the district court imposed a 37-month prison sentence, followed by 3 years of supervised release. The court ordered Raifsnider to pay restitution "in installments to commence 30 day(s) after the date of this judgment." In 2005, the district court revoked his supervised release, imposed a 24-month prison sentence, and stated that the original restitution order would remain in effect. In 2020, the government filed a motion to authorize the turnover of $1,217.12 from Raifsnider's inmate trust account to pay down the restitution obligation, leaving him with a balance of $25. Citing the 1998 judgment, the government generally claimed that the district court had ordered the restitution due immediately; asserted that relief was proper under 18 U.S.C. §§ 3613(a) (providing that United States may enforce judgment imposing restitution), 3664(m)(1)(A) (restitution order may be enforced by United States by methods laid out in statute and "all other available and reasonable means"), and 3664(n) (requiring defendant to apply "substantial resources" received during incarceration to any restitution still owed); and noted that Raifsnider had not notified the court of any material change in his economic circumstances, as required under 18 U.S.C. § 3664(k).

Raifsnider opposed the motion, stating that he had been making monthly restitution payments as ordered by the court, and explaining that the funds sought by the government represented his savings over the past 16 years. The district authorized the turnover of funds "[f]or the reasons stated in the government's

motion," and ordered the Bureau of Prisons to transfer $1,217.21 from Raifsnider's inmate trust account.

While the basis for the district court's decision is unclear, to the extent the court relied on the government's representation that restitution was due immediately, the 1998 judgment appears to indicate that payment was due in installments. Thus, the government may have lacked authority under § 3613(a) to collect more than the installment payments. See United States v. Hughes, 914 F.3d 947, 949 (5th Cir. 2019) ("When a restitution order specifies an installment plan, unless there is language directing that funds are also immediately due, the government cannot attempt to enforce the judgment beyond its plain terms absent a modification of the restitution order or default on the payment plan."); United States v. Martinez, 812 F.3d 1200, 1202 (10th Cir. 2015) (where judgment specified that restitution was due in accordance with installment schedule and defendant had complied, government lacked authority to garnish defendant's retirement accounts, as it exceeded terms of judgment; under §3664(f)(2), court specifies manner in which restitution is to be paid, and "[t]hus, the government can enforce only what the district court has ordered the defendant to pay").

Accordingly, we vacate the district court's order, and we remand for clarification and further consideration. We also deny Raifsnider's motion for appointment of counsel as moot.

_____