# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-3030

_____

United States of America

*Plaintiff - Appellee*

v.

Preston Ellard Forthun, also known as Preston E. Forthun

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 22, 2025
Filed: May 28, 2025
[Unpublished]

_____

Before SMITH, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

On the government's application, the district court[1] issued a writ of garnishment, under the Federal Debt Collection Procedures Act (FDCPA), to collect

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

a restitution debt owed by Preston Forthun pursuant to an amended sentencing judgment in his criminal case. Forthun appeals after the district court denied his motion to dismiss the garnishment and to compel discovery, and issued a garnishment order.

We conclude the district court did not err in denying Forthun's motion to dismiss without a hearing, as he did not raise any issues requiring a hearing. See United States v. Santee Sioux Tribe, 254 F.3d 728, 731-32 (8th Cir. 2001) (standard of review; federal government enforces all non-tax related civil debts under FDCPA); see also 28 U.S.C. § 3202(d) (judgment debtor may move to quash order by requesting hearing; issues at hearing limited to validity of any claim of exemption by judgment debtor; government's compliance with statutory requirements for issuance of post-judgment remedy granted; and if judgment is by default, validity of claim for debt merged in judgment and any good cause for setting aside judgment); United States v. Behrens, 656 Fed. Appx. 789, 790 (8th Cir. 2016) (unpublished per curiam) (denial of hearing was not basis for reversal where objections failed as matter of law). As to Forthun's challenge to the garnishment based on issues related to the total amount of restitution due, we note the government's application recited the amount of restitution set forth in the amended sentencing judgment, which Forthun did not dispute was due in full. See United States v. Williams, 898 F.3d 1052, 1055 (10th Cir. 2018) (garnishment was proper where criminal judgment specified restitution was due in full on date of judgment). We further conclude the district court did not abuse its discretion in denying Forthun's motion to compel discovery. See Marlow v. City of Claredon, 78 F.4th 410, 415-16 (8th Cir. 2023) (this court will reverse rulings on discovery requests only where gross abuse of discretion results in fundamental unfairness).

Accordingly, we affirm. We also deny Forthun's pending motions for sanctions and a stay.

_____